United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-31087
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

LUKMAN KASSIMU

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:04-CR-20029-ALL
---------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Lukman Kassimu was convicted by a jury of attempting to pass an altered United States postal money order. He was sentenced to six months of imprisonment and to a three-year term of supervised release. On appeal, Kassimu argues that the district court abused its discretion in allowing the Government to introduce postal records into evidence under the business records exception to the hearsay rule.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A business record can be authenticated by testimony of either the "custodian" of the record or an "other qualified witness." FED. R. EVID. 803(6). An "other qualified witness" is defined as "one who can explain the record keeping system of the organization and vouch that the requirements of Rule 803(6) are met." United States v. Iredia, 866 F.2d 114, 120 (5th Cir. 1989). There is no requirement, as Kassimu contends, that the witness laying the foundation for the admissibility of computer records "be the one who entered the data into the computer or be able to attest personally to its accuracy." United States v. Hutson, 821 F.2d 1015, 1019-20 (5th Cir. 1987). Postal Inspector Brandon Tullier's testimony satisfied the authentication requirement because he explained his familiarity with the procedure by which the records were generated and established the requirements of FED. R. EVID. 803(6). Thus, Kassimu has failed to show that the district court abused its discretion in admitting the postal records. See United States v. Wells, 262 F.3d 455, 459 (5th Cir. 2001).

Kassimu also argues that the evidence was insufficient to prove that he knew the money order had been altered and that he acted with the intent to defraud. Because Kassimu presented no evidence at trial, his motion for a judgment of acquittal made at the close of the Government's case, was timely and sufficed to preserve this issue for review. See United States v. Resio-Trejo, 45 F.3d 907, 910 n.6 (5th Cir. 1995). Accordingly, this

court "assess[es] the sufficiency of evidence [to] determine whether, viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, a rational jury could have found the essential elements of the offenses beyond a reasonable doubt." United States v. Gadison, 8 F.3d 186, 189 (5th Cir. 1993) (internal quotation marks and citation omitted). The evidence need not exclude every reasonable hypothesis of innocence or be inconsistent with every conclusion except that of guilt. Resio-Trejo, 45 F.3d at 911. In the instant case, there was sufficient evidence from which the jury could infer that Kassimu knew the money order he attempted to pass had been altered and that he acted with the intent to defraud. See United States v. Ismoila, 100 F.3d 380, 387 (5th Cir. 1996). Accordingly, Kassimu's conviction is AFFIRMED.